IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED BURNS, II, § | | |
| TDCJ #1200171, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-4222 |
| § | | |
| WARDEN TIM MORGAN, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

The plaintiff, Fred Burns, II, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Burns proceeds *pro se*, but not *in forma pauperis*. At the Court's request, Burns has supplemented his pleadings with a more definite statement of his claims. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.     **BACKGROUND**

Burns is currently in custody at TDCJ's Estelle High Security Unit in Huntsville, Texas. Burns sues Senior Warden Tim Morgan and two correctional officers, each of whom is employed by TDCJ at the Estelle Unit. Burns accuses Warden Morgan of being a racist because there are only nine black sergeants employed by TDCJ among the ranking security officers at the Estelle Unit. Separately, Burns complains that Officer Grant Jones called him

a "nigger" and used excessive force against him on September 25, 2005, by slamming his head into the door frame of his cell. Burns alleges that Officer Rogers stood by and did nothing to protect him. After this alleged assault, Burns was treated with an ice pack for complaints of head pain. Subsequently, Burns was treated with ibuprofen for head, neck, and shoulder aches that he alleges were caused by Officer Jones's use of unnecessary force.

Burns seeks declaratory and injunctive relief from Warden Morgan's racially unbalanced hiring and promotion practices, among other things. Burns seeks damages from Officer Jones and Officer Rogers in connection with the alleged use of excessive force. The Court concludes, however, that Burns's complaint must be dismissed for reasons discussed below.

## II. STANDARD OF REVIEW

Regardless of whether a civil rights litigant proceeds *in forma pauperis*, a district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Martin v. Scott*, 158 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (explaining that suits against state agencies and officers are clearly within the ambit of 28 U.S.C. § 1915A). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.

*See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A civil rights complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.   DISCUSSION

#### A.   Claims Against Warden Morgan

Burns alleges that Warden Morgan's failure to hire and promote black male officers to the rank of major, captain, and lieutenant, and his general failure to "adopt a racially balanced administration," has resulted in a violation of the Eighth Amendment to the United States Constitution as well as the Fourteenth Amendment Due Process Clause. As noted above, Burns seeks declaratory and injunctive relief from the alleged unlawful employment practices by Warden Morgan.

Under Article III of the United States Constitution, federal court jurisdiction is limited to "cases" or "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Standing is a "core component" that is "an essential and unchanging part of the case-or-controversy requirement" found in Article III. *Id.* at 560. The "irreducible constitutional minimum of standing" requires the following three elements: (1) the plaintiff must have suffered an "injury in fact" – that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent," not "conjectural" or "hypothetical"; (2) there must be causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be "likely" as opposed to merely "speculative" that the injury will be redressed by a favorable decision. *Id.* at 560-61.

Additionally, in determining whether the elements of standing have been shown, this Court must be mindful that it should refuse to adjudicate a claim which raises only "generalized grievances." *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000). "A generalized grievance is a harm shared in substantially equal measure by all or a large class of citizens." *Id.* In that context, the "prudential principle barring adjudication of generalized grievances is closely related to the constitutional requirement of personal injury in fact, and the policies underlying both are similar." *Id.* (citing *Walker v. Mesquite*, 169 F.3d 973, 979 n.16 (5th Cir. 1999) (internal citations and quotation marks omitted)).

Claims of unfair employment practices generally belong to those who actually have been discriminated against in hiring, promotion, or other job-related benefits. Burns has not alleged a personal injury in fact sufficient to establish standing to bring a claim for unlawful employment practices. Likewise, his claims about Warden Morgan's hiring practices and the alleged hostile work environment that it fosters in the prison facility present the type of generalized grievance that militates against a finding of sufficient standing. Absent a showing that the requisite standing exists, this Court lacks subject matter jurisdiction to consider his allegations of unlawful hiring practices against Warden Morgan. Accordingly, these allegations must be dismissed for failure to state an actionable claim.

In addition, referring to the alleged assault by Officer Jones, Burns contends that Warden Morgan's racist hiring practices resulted in a failure to protect him from harm by a "white supremacist prison guard." To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*; *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

Burns concedes in his more definite statement that he had not complained about Officer Jones previously before the alleged use of force occurred on September 25, 2005. Burns admits that he did not file a "life endangerment" complaint against Officer Jones until after that date. These allegations do not establish that Warden Morgan was deliberately indifferent to Burns's request for protection from Officer Jones. Accordingly, Burns fails to state an actionable failure-to-protect claim.

**B.     Racial Slurs**

Burns complains that Officer Jones used an offensive racial epithet, and that both Officer Jones and Officer Rogers cussed at him. However offensive a slur may be, it is well established in this circuit that verbal insults or epithets in the prison context do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983)); *Bender v. Brumley*, 1 F.3d 271, 274 n.1 (5th Cir. 1993); *Spicer v. Collins*, 9 F. Supp. 2d 673, 683 (E.D. Tex. 1998) (citations omitted). To the extent that Burns's complaint concerns verbal conduct, he fails to establish a cognizable claim in connection with any alleged insult or slur. The Court concludes therefore that this claim is subject to dismissal for failure to state a claim.

**C.     Use of Force**

Burns seeks monetary damages from Officer Jones and Officer Rogers for their alleged involvement in the use of excessive force against him on September 25, 2005. Burns

concedes in his complaint, however, that Officer Jones issued a disciplinary case against him as the result of this incident, charging Burns with failure to obey an order. According to the more definite statement, Burns reportedly failed to obey an order issued by Officer Jones to "calm down and stop pulling away from staff" as they were attempting to escort him from his cell. Burns advises that he was convicted of these charges. In his more definite statement, Burns reports that he lost good time credits and other privileges as a result of the disciplinary conviction.

It is well settled that not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *McMillian*, 503 U.S. at 9-10 (citation and quotation omitted). To prevail on an excessive force claim under the Eighth Amendment, a plaintiff must establish (1) that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and (2) that he suffered some injury as a result. *See Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (citing *McMillian*, 503 U.S. at 7; and *Jackson v. Culbertson*, 984 F.2d 699 (5th Cir. 1993)).

The pleadings do not demonstrate that Burns, who complains that he experienced head, neck, and shoulder pain that was treated with an ice pack and ibuprofen, suffered the requisite physical injury as the result of the alleged assault. The Fifth Circuit has emphasized

that "some physical injury is an indispensable element of an Eighth Amendment excessive force claim." *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999). In that regard, the prisoner "must have suffered from the excessive force a more than *de minimis* physical injury," adding that "there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Id.* at 924; *see also* 42 U.S.C. § 1997e(e) (prohibiting damages for "mental or emotional injuries" without a prior showing of physical injury). No matter how defined, the Fifth Circuit has indicated that some physical injury is required.[1] *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). Burns has not alleged that he suffered any more-than-*de-minimis* injury, and thus Burns's excessive force claim fails to state a claim for which relief can be granted under the Eighth Amendment.

Alternatively, it is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C.

---

[1] As another court in this circuit has concluded, a "physical injury" of the sort actionable under the Eighth Amendment "is an observable or diagnosable medical condition requiring treatment by a medical care professional." *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997). In that regard, a more-than-*de minimis* "physical injury" is not a sore muscle, aching back, scratch, abrasion, or bruise of the type that would not otherwise force a "free world person" to seek medical treatment. *See id.*

§ 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Burns's disciplinary case for failure to obey an order relates to whether the force that was used, if any, was in excess of what was required to maintain or restore order under the circumstances. Thus, Burns's allegations of excessive force would, if true, necessarily implicate the validity of his disciplinary conviction. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer). Burns concedes that the disciplinary conviction has not been set aside or overturned. Because his civil rights claims are barred by *Heck* they are not cognizable under 42 U.S.C. § 1983 at this time. Accordingly, these claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims

barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915A, for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **January 30, 2006.**

_____
Nancy F. Atlas
United States District Judge